UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CESARE WRIGHT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-4549 |
| | § | |
| **SPINDLETOP FILMS, L.L.C.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dismiss, or for a More Definite Statement Pursuant to 12(e) (Doc. No. 6) and Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs (Doc. No. 7).

After considering the Motions, all responses thereto, and the applicable law, the Court finds that Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dismiss, or for a More Definite Statement Pursuant to 12(e) should be granted in part and denied in part and Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs should be granted.

## I.  BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of the Motion to Dismiss. Plaintiff Cesare Wright ("Wright") is a documentary filmmaker. He is the sole author of a motion picture and claims sole ownership of copyright in the motion picture. Defendant Spindletop Films, L.L.C. ("Spindletop") also claims sole ownership in the motion picture.[1]

---

[1] Both parties point us to the extensive procedural and factual history involving the same parties and the same motion picture that was the subject of a state court action, removed to federal court under Case No. 4:10-cv-4551, and subsequently remanded to state court on July 1, 2011. (Case No. 4:10-cv-4551, Doc. No. 19.) Although this information provides context for the case presently before us (i.e., Case No. 4:10-cv-4549), for purposes of the pending motions, we must confine ourselves to the facts presented in Wright's complaint. Indeed, we note that the cause of action presented here—a declaratory judgment regarding the ownership of copyright—is one that is committed to the original and exclusive jurisdiction of a federal court. *See* 28 U.S.C. § 1338(a).

Wright filed suit seeking a declaratory judgment that he is the sole author and owner of the copyright in the motion picture. Spindletop filed a motion to dismiss the complaint on numerous grounds. Wright filed a motion seeking the imposition of costs for service and for having to move for the imposition of costs. The motions are ripe for disposition.

## II. MOTION TO DISMISS LEGAL STANDARDS

### A. Rule 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

A district court may determine its subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). An attack on subject matter jurisdiction may be "facial," where the district court accepts the facts in the plaintiff's complaint as true, or "factual," where the trial court is free to weigh the evidence and to make factual findings decisive of determination. *Williamson*, 645 F.2d at 413-14. "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a

2

preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**B. Rule 12(b)(2), (4), (5)**

Rule 12(b)(2) permits dismissal based on lack of personal jurisdiction over the defendant. Rule 12(b)(4) permits dismissal due to insufficient process, and Rule 12(b)(5) permits dismissal for insufficient service of process. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353).

Rule 4(m) permits the dismissal of a suit if the plaintiff fails to serve a defendant within 120 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." If good cause is present, the district court must extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.* "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). In addition, courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . ." *Id.*

**C. Rule 12(b)(6)**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"

3


*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke*

*Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, --- F. Supp. 2d ----, 2010 WL 3749298 (S.D. Tex. Sept. 21, 2010).

### III. ANALYSIS

Spindletop moves to dismiss Wright's complaint on a number of grounds, including lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), insufficient process under Rule 12(b)(4), insufficient service of process under Rule 12(b)(5), and failure to state a claim upon which relief can be granted under Rule 12(b)(6). In the alternative, Spindletop moves for a more definite statement under Rule 12(e).

#### A. Rule 12(b)(1), Rule 12(b)(6), Rule 12(e)

Spindletop contends that Wright's complaint is so vague and devoid of factual allegations that it is impossible to determine the legal theory under which the claim is brought, the statute under which Wright's copyright action arises, or the facts supporting the existence of a dispute regarding copyright ownership. According to Spindletop, the complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted. In response, Wright contends that, if given a chance to amend and replead, he can allege specific facts to support both subject matter jurisdiction and his claims for relief.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Under Rule 12(e), a court may order a more definite statement of a pleading that is so vague or ambiguous that the responsive party cannot reasonably prepare a response. We find that Wright's complaint is almost completely bare of factual allegations. The only factual allegation contained in the complaint is that he created a motion picture. There are no facts to identify the motion picture that was created, when it was created, the circumstances under which it was created, how it was created, the relationship between Wright and

5

Spindletop regarding the motion picture, or why Wright believes he is the owner of copyright in the motion picture. In addition, there are no facts describing the dispute between Wright and Spindletop over copyright ownership of the motion picture. Finally, Wright does not even identify the statutory provisions that give rise to his cause of action.[2] In the exercise of discretion, we deny Spindletop's motion to dismiss based on Rules 12(b)(1) and 12(b)(6) and grant Spindletop's motion for a more definite statement pursuant to Rule 12(e). We grant Wright leave to amend his complaint to plead with sufficient particularity the facts necessary to establish this court's subject matter jurisdiction and to state his claims for relief. If Wright's amended complaint does not include all of the information enumerated in this paragraph, we will dismiss his complaint.

### B. Rule 12(b)(2), Rule 12(b)(4), and Rule 12(b)(5)

Spindletop argues that the case should be dismissed for insufficiency of service of process and for lack of personal jurisdiction because service was not perfected upon Spindletop within 120 days as required by Federal Rule of Civil Procedure 4(m). Wright contends that the delay in service of process was due to Spindletop's refusal to waive service, its change in registered agent, and the difficulties in serving the summons upon Spindletop's registered agent.

It is clear that Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008). We can extend the time for service based on a showing of good cause, or, if the plaintiff lacks good cause, we can extend the time for service based on our discretionary power. Here, Wright filed his complaint on November 15, 2010. Under Rule 4(m), Wright was required to serve Spindletop within 120 days (or no later than March 15, 2011). According to the undisputed affidavit of Wright's counsel, Amy Archambault, service of the complaint was attempted by email upon Spindletop's counsel on November 15, 2010. (Archambault Aff. ¶ 3, Doc. 7.) Archambault next sent

---

[2] Wright cites 28 U.S.C. §§ 1332, 1338(a) in his complaint, but these statutes merely provide a grant of subject matter jurisdiction to the federal courts. Neither of these statutes provides Wright with a cause of action.

6

notice of the lawsuit and a request to waive service of a summons to Spindletop via its registered agent on November 16, 2010. (*Id.* ¶ 4.) Spindletop did not return the waiver of the service of summons by December 27, 200. (*Id.* ¶ 5.) Archambault was preparing to seek issuance of a summons when she learned that, on November 29, 2010, Spindletop had changed its registered agent. (*Id.* ¶ 6.) On February 7, 2011, Archambault sent a notice of the lawsuit and a request to waive service of summons to Spindletop's new registered agent. (*Id.* ¶ 7.) Spindletop did not return the waiver of the service of summons. (*Id.* ¶ 8.) On March 14, 2011, summons was issued as to Spindletop. (*Id.* ¶ 9.) Archambault engaged the services of a private process server, which finally served process upon Spindletop on May 18, 2011. (*Id.* ¶ 9.)

We find that Wright's counsel acted in good faith in attempting to serve Spindletop within the time period specified by Rule 4(m). *See Lambert*, 44 F.3d at 299. Wright's failure to serve Spindletop within the 120-day time period appears to have been due to repeated attempts to gain Spindletop's agreement to waive service, which was ultimately unsuccessful. We find that these Wright's attempts to serve Spindletop amount to a reasonable basis for noncompliance with Rule 4(m)'s time requirement. Therefore, we will extend the time period prescribed by Rule 4(m) for service of process and find that Wright's service of process was timely under the extended time period for service. We deny Spindletop's motion to dismiss Wright's complaint on the grounds of Rules 12(b)(2), (b)(4), and (b)(5).

## IV. MOTION FOR IMPOSITION OF COSTS

Wright has moved for the imposition of costs upon Spindletop pursuant to Rule 4(d)(2) for both the costs of service and the expenses related to filing a motion to collect the costs of service. Spindletop has not responded.

Rule 4(d)(1) requires that certain types of defendants waive service upon request in order "to avoid the unnecessary expenses of serving the summons." *See also Moore v. Hosemann*, 591 F.3d 741, 746 (5th Cir. 2009). If a defendant subject to Rule 4's mandatory waiver provisions fails, without good cause, to waive service, "the court must impose on the defendant" both the costs of service as well as

"reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Here, Spindletop is a defendant that is subject to the mandatory waiver provision. Fed. R. Civ. P. 4(d)(1), 4(h). Wright attempted on November 16, 2010 and February 7, 2011 to obtain waiver of service from Spindletop. (Archambault Aff. ¶¶ 4, 7, Doc. 7.) Spindletop did not waive service. (*Id.* ¶¶ 5, 8.) Upon issuance of a summons, Wright engaged a process server for two hundred thirty dollars ($230.00) to serve process. Wright seeks the $230.00 expense incurred in serving process. In addition, Wright seeks the cost of two hours of attorney time that was expended on coordinating with the process server and preparing the motion for costs under Rule 4(d)(2). The affidavit of Wright's counsel confirms that she spent two hours on these activities and that she bills at two hundred fifty dollars ($250.00) per hour. We find that Wright is entitled to recover the expenses of serving process and two hours of attorney time in seeking these expenses. We award Wright seven hundred thirty dollars ($730.00) pursuant to Rule 4(d)(2) and order Spindletop to pay Wright this sum.

## V. CONCLUSION

For the reasons stated in this order, Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dismiss is **DENIED** and Defendants' More Definite Statement Pursuant to 12(e) is **GRANTED** (Doc. No. 6). Plaintiff must file an amended complaint within ten (10) days of this Order.

Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs (Doc. No. 7) is **GRANTED**. Spindletop is ordered to pay Wright $730.00 for expenses associated with serving process and attorneys' fees.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 28th day of July, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE