UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CESARE WRIGHT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-4549 |
| | § | |
| **SPINDLETOP FILMS, L.L.C.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion, titled "Motion for Relief from the Order of Dismissal, Motion to Alter or Amend the Order of Dismissal and Motion for Reconsideration of the Order of Dismissal." (Doc. No. 27.) After considering the motion, all responses thereto, the parties' supplemental briefings, and the applicable law, the Court finds that Plaintiff's motion must be GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

The facts of this case are provided in detail in the Court's November 23, 2011 Order (the "November Order") granting Defendant's Motion to Dismiss. (Doc. No. 26.) For the purposes of this Memorandum and Order, the relevant facts are as follows: Defendant Spindletop Films, L.L.C. ("Defendant" or "Spindletop") filed a suit against Plaintiff Cesare Wright ("Plaintiff" or "Wright") in state court in April 2010. Spindletop's state court action seeks a declaration that Spindletop is "the sole owner of

1

the Film footage [possessed by Wright], including but not limited to raw footage, outtakes, edited material and unedited material." (Doc. No. 14, Ex. 10 ¶ 29.) In its amended state court petition, Spindletop indicates that the purpose of the suit is "to determine ownership of certain chattel, namely the Film Footage and the film equipment, for which Spindletop paid Wright over $118,000." (Doc. No. 14 at 1.) Spindletop alleges six causes of action against Wright: (1) theft of film equipment in violation of the Texas Theft Liability Act ("TTLA"); (2) theft of film footage in violation of the TTLA; (3) conversion of film equipment; (4) conversion of film footage; (5) fraud; and (6) breach of contract. (Doc. No. 14, Ex. 11.)

The day before trial was set to begin in state court, Wright removed the action to federal court. (*Spindletop et al v. Wright*, Case No. 10-cv-04551, Doc. No. 1.) In July 2011, Judge Harmon remanded the case to state court, finding that Wright's late removal—six months after the 30-day removal deadline had passed—was improper. (Case No. 10-cv-4551, Doc. No. 19.)[1]

On the same day that Wright removed the case to federal court, he filed an original action in this Court. Wright's Amended Complaint includes the following causes of action: (1) declaration of copyright ownership; (2) a declaratory judgment that the equipment on which Spindletop bases its theft and conversion claims was actually "purchased by or for a 501(c)(3) not-for-profit corporation, the Kino-Eye Center," and that the document which Spindletop alleges Wright fraudulently altered was "approved . . . and was not a fraudulent alteration"; (3) action for debt; and (4) libel. (Doc. No. 13, "Pl.

---

[1] In remanding the case, Judge Harmon ordered sanctions against Wright for his late removal. (Case No. 10-cv-4551, Doc. No. 19.) Judge Harmon has since granted Wright's Motion for Relief from Sanctions, finding that his late removal was not "objectively unreasonable" so as to warrant the imposition of sanctions. (Case No. 10-cv-4551, Doc. No. 30.)

2

Compl.," at 17-19.) Spindletop moved to dismiss Wright's Amended Complaint on the basis that this Court does not have subject matter jurisdiction over Wright's claims. In the November Order, the Court dismissed Wright's copyright claim on the basis that there existed no substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (Doc. No. 26 at 8.) With Wright's only federal question claim dismissed from the case, the Court held that it could not exercise supplementary jurisdiction over Wright's remaining state law claims.

Plaintiff's pending motion asks the Court to reconsider its denial of Plaintiff's copyright claim and its refusal to exercise jurisdiction over his other claims. For all the reasons provided in the November Order, the Court maintains that its dismissal of Plaintiff's copyright claim was correct. However, as to Plaintiff's state law claims, the Court agrees that, because his Complaint also alleges diversity jurisdiction, the Court has independent jurisdiction over the state law claims as long as the parties are diverse and the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332. Defendant argues that Plaintiff's remaining claims do not meet the amount in controversy requirement, and that, even if they do, the Court should abstain from hearing them.

## II.   LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the

challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's dismissal of Plaintiff's Complaint and Plaintiff's motion, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

III.  ANALYSIS

    A.  Diversity Jurisdiction

Plaintiff asserts that the Court erred in holding that it could not exercise supplementary jurisdiction over Wright's remaining claims, which include a request for declaratory judgment, an action for debt, and a libel claim. While that holding was technically correct—the Court cannot exercise supplemental jurisdiction over these claims—Plaintiff points out that the Court might still have diversity jurisdiction over the remaining state law claims. Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a

4

State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Spindletop counters that Wright has failed to meet the $75,000 amount in controversy requirement.

Courts are to "decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Here, Wright has asserted actual damages of "more than $75,000.00, exclusive of interest and costs, for direct and consequential damages., [sic] including unpaid expenses, finance charges accruing on unreimbursed credit card debts, unpaid day rates, and consequential damages." (Pl. Compl. at 19.) Spindletop argues that Plaintiff's allegation of damages exceeding $75,000 is made in bad faith. Spindletop bases this argument solely on its belief that allegations elsewhere in Plaintiff's Complaint demonstrate that he can only claim losses of $30,000. (Doc. No. 14 at 11.) Spindletop's bad faith argument is misguided. The only reference in the Complaint to $30,000 is a statement made by Wright, in late January or early February 2009, that he was owed $30,000 in expenses. (Pl. Compl. ¶ 85.) That Wright claimed to be owed $30,000 in expenses in early 2009 is not determinative of what he could recover in expenses, finance charges, unpaid day rates, and consequential damages in November 2010, when he filed his Complaint. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) ("[T]he amount in controversy should be determined at the time of filing."). Thus, Spindletop bases its bad faith allegation on a statement that relates only to expenses (one of four types of damages alleged by Plaintiff), and only to expenses as they existed over twenty months before Plaintiff filed his Complaint. The Court finds no basis for Spindletop's bad faith

allegation, and concludes that Plaintiff's Complaint meets the amount in controversy requirement.

### B. Abstention

Concluding that it does have diversity jurisdiction over Wright's remaining claims, the Court now considers Defendant's argument that the Court should abstain from hearing those claims.

#### 1. General Principles

Courts in the Fifth Circuit apply one of two tests in deciding whether to stay a case because of an ongoing parallel state proceeding. *New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009). When considering whether to abstain from exercising jurisdiction a declaratory judgment action, courts must apply the standard provided in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). *Barnett*, 561 F.3d at 395. (quoting *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam)). Under *Brillhart*, a district court has "broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act." *Id.* In claims involving coercive relief,[2] on the other hand, courts analyze a defendant's request for abstention pursuant to the standards set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800. (1976). *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000). When an action includes both claims for declaratory relief and coercive claims for relief, the Fifth Circuit has directed courts to apply the *Colorado River* standard. *Barnett*, 561 F.3d at 395.[3] Because Plaintiff's

---

[2] "Coercive relief" includes injunctions and damages. *Great Lakes Dredge & Rock Co., LLC v. Larrisquitu*, 2007 WL 2330187, at *8 (S.D. Tex. Aug. 15, 2007) (citing *Black Sea Inv.*, 204 F.3d at 649-50).

[3] There are two exceptions to the application of the *Colorado River* standard in cases which include both declaratory judgment claims and claims for coercive relief. *Colorado River* must not be applied if the

remaining claims include a claim for declaratory relief and two claims for coercive relief, the Court must consider abstention under the standards set forth in *Colorado River*.

### 2. *Colorado River* Abstention

The Supreme Court has instructed that federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given to them." *Colorado River*, 424 U.S. at 817. "In situations involving the contemporaneous exercise of concurrent jurisdictions," governing principles "rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The Fifth Circuit has interpreted *Colorado River* abstention to require a two-part analysis: First, courts must consider whether there are parallel proceedings pending in state and federal court. *RepublicBank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). If the proceedings are parallel, "exceptional circumstances" must exist to warrant abstention. *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

### a. Parallel Proceedings

Suits are considered "parallel" if they "'involv[e] the same parties and the same issues.'" *RepublicBank Dallas*, 828 F.2d at 1121 (quoting *PPG Indust., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973). The Fifth Circuit has recognized some flexibility in the parallelism requirement, holding that "there need not be applied in every instance a mincing insistence on precise identity" of parties and issues. *RepublicBank Dallas*, 828 F.2d at 1121.

---

claims for coercive relief are frivolous, or if they were added as a means of defeating *Brillhart*. *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4. (5th Cir. 2002).

In this instance, the proceedings are sufficiently parallel. The state court case is a suit brought by Spindletop against Wright, and addresses at least two of Wright's three remaining claims in this case. Indeed, Plaintiff admits that his two non-copyright claims (presumably meaning his declaratory judgment request and his action for debt)[4] "are the same issues that are being litigated in the state action." (Doc. No. 32 at 2.) Wright's request for declaratory judgment calls upon the Court to declare judgment on the precise claims at issue in state court, namely Spindletop's theft, conversion, and fraud claims. Plaintiff's action for debt is similarly parallel to claims state court case; as Plaintiff admits, "both the state and federal courts have been asked to decide upon…an accounting of debt between the parties." (Doc. No. 32 at 4.) As to Plaintiff's libel claim, the information provided to the Court indicates that no such claim is pending in the state court action. However, as the court does not need to insist on "precise identity" of issues, *RepublicBank Dallas*, 828 F.2d at 1121, the Court finds the cases sufficiently parallel to warrant consideration of the second prong of the analysis—whether exceptional circumstances exist.

### b. Exceptional Circumstances

The Fifth Circuit has described six factors to be considered in determining whether exceptional circumstances exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in

---

[4] This statement is misleading, as *three* non-copyright claims remain in this case. However, because elsewhere in his supplemental briefing Plaintiff urges that his libel claim is not before the state court (*see, e.g.*, Doc. No. 32 at 4), the Court interprets Plaintiff's reference to his two non-copyright claims to be a reference to his declaratory judgment request and action for debt.

protecting the rights of the party invoking federal jurisdiction.[5] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *see also Colorado River*, 424 U.S. at 818. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983); *see also Black Sea Inv.*, 204 F.3d at 650. Indeed, "[o]nly the clearest of justifications will warrant dismissal." *Moses H. Cone*, 460 U.S. at 2 (citing *Colorado River*, 424 U.S. at 818-19).

### i. State court assumption of jurisdiction over any res or property

The parallel state court proceeding relates to the ownership of film footage and equipment, and Spindletop asserts that it is a claim through which the state court has assumed jurisdiction over a property. (Doc. No. 2.) Spindletop provides no support for this proposition. Even assuming the state court has assumed jurisdiction over property in that case, Plaintiff's declaratory judgment request is the only claim that is more than tangentially related to that property. (The portion of the declaratory judgment request that addresses to theft and conversion relates directly to the property at issue in the state court case.) However, Spindletop has not alleged, even as to that claim, that there is a res or property over which the state court has taken control. As this factor does not apply precisely here, it must weigh in favor of federal jurisdiction. *See Stewart*, 438 F.3d at 492 (rejecting the contention that the absence of this factor is a "neutral item, of no weight in

---

[5] *Colorado River* only discusses the first four of these six factors. *Colorado River*, 424 U.S. at 818-19. The fifth and sixth factors originate from the Supreme Court's later abstention jurisprudence in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), and have been adopted by the Fifth Circuit. *Murphy*, 168 F.3d at 738.

the scales." (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988))).

### ii. Inconvenience of the federal forum

"When courts are in the same geographic location, the inconvenience factor weighs against abstention." *Stewart*, 438 F.3d at 492 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)). Both the state and federal courthouses hearing these cases are located in Houston, Texas. This factor, therefore, supports exercising federal jurisdiction.

### iii. Avoiding piecemeal litigation

The interest in avoiding piecemeal litigation can support abstention. *Colorado River*, 424 U.S. at 1247. However, the Fifth Circuit has drawn a distinction between "piecemeal litigation" and "duplicative litigation," explaining that the latter does not justify abstention. *Murphy*, 168 F.3d 734, 738 (5th Cir. 1999). As discussed above, Plaintiff concedes that "both the state and federal courts have been asked to decide upon the ownership of certain pieces of equipment, allegations of fraudulent alteration of documents, and an accounting of debt between the parties." (Doc. No. 32 at 4.) As to these issues, there is a risk only of duplicative litigation, which cannot justify abstention. However, the potential for piecemeal litigation does exist, as the state court is the only forum considering Spindletop's breach of contract claim. *Cf. Stewart*, 438 F.3d at 492 (noting the potential for piecemeal litigation based on the fact that the state court was the only forum hearing some of the claims at issue). While the possibility of inconsistent judgments is mitigated by the fact that one court can render judgment before the other,

allowing res judicata to "ensure proper order," *Kelly Inv.*, 315 F.3d at 499, the risk of piecemeal litigation favors abstention in this case.

### iv. The order in which jurisdiction was obtained by the concurrent forums

"The inquiry under this factor is 'how much progress has been made in the two actions.'" *Stewart*, 438 F.3d at 492 (quoting *Murphy*, 168 F.3d at 738). Here, Spindletop filed its state court petition on April 14, 2010 (Doc. No. 14, Ex. 1), seven months before Wright filed his Complaint in this Court. (Doc. No. 1.) While the Court is not aware of how much progress has been made in the state court action, very little progress has been made in this case. The time spent in the case has been devoted to addressing deficiencies in Plaintiff's pleadings (*see* Doc. No. 11, granting Defendant's Motion for a More Definite Statement), and the ripeness of Plaintiff's copyright claim (*See* Doc. No. 26, granting Defendant's Motion to Dismiss). The Court has not yet considered the merits of the dispute. The state court's seven month lead on this court weighs in favor of abstention.

### v. The extent to which federal law provides the rules of decision on the merits

The only issues remaining in this case are based upon state law. This factor weighs in favor of abstention.

### vi. The adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction

Wright argues that the state court "has not been called upon to determine the libel issue," and that the state proceedings are therefore inadequate to protect all of Plaintiff's

11

rights. (Doc. No. 32 at 5.) While Plaintiff's libel claim likely could have been brought in state court, the Court will not abstain from hearing a claim that is not pending elsewhere.

### vii. Further facts evidencing exceptional circumstances

There are further facts in this case which do not fall into any of the above categories, but which nonetheless evidence exceptional circumstances. As the *Colorado River* factors are not to be applied mechanically, *Stewart*, 438 F.3d at 492, the Court finds it relevant to consider additional facts demonstrating the presence of exceptional circumstances. The Court's biggest concern in exercising federal jurisdiction in this case is that it would validate Wright's avoidance of the requirements of federal removal statutes. On the same day that Wright removed the state case to federal court, he filed his original action in this Court. That case—which includes two of the three issues remaining in this case—was then remanded for untimely removal. If Wright's state law claims, which are pending in a remanded case, were to proceed in this Court, it would mean that a party could avoid removal requirements and the risk of remand simply by filing an original action in federal court. The Court cannot endorse such a result.

The third, fourth, fifth, and sixth factors, in conjunction with the additional circumstances discussed above, persuade the Court that exceptional circumstances exist which warrant the Court's abstention from Plaintiff's declaratory judgment request and action for debt.

### C. Effect of Decision to Abstain

Except in extremely limited circumstances not found in this case, a decision to abstain permits a federal court only to enter a stay that *postpones* adjudication of the dispute, and does not warrant dismissal of the federal suit altogether. *Quackenbush v.*

*Allstate Ins. Co.*, 517 U.S. 706, 719 (1996).[6] Because the Court finds that it should abstain from Plaintiff's declaratory judgment request and action for debt—two of the three claims remaining in this case—the Court stays the case pending the outcome of the state court proceedings.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's motion must be **GRANTED IN PART** and **DENIED IN PART**. The Court abstains from Plaintiff's declaratory judgment request and action for debt, and stays this case pending the outcome of the state court proceedings.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 12th day of January, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[6] The Court recognizes that a stay pending final determination of the state suit "will probably have the same practical effect as a dismissal would have, since the state judgment when final may be pleaded as res judicata in the final action." *PPG Indust., Inv.*, 478 F.2d at 682.